UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ELSIE M. MYARD,<br><br>    Plaintiff,<br><br>v.<br><br>TALLARICO ANTONY, STAGER CHAD,<br>WONG CARLOS, THOMAS QUINLAN,<br>FREIERMUTH DANIEL, AGUIRRE LOIS,<br>and ADAM BAILEY,<br><br>    Defendants. | Civil No. 10-4742 (PAM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be granted, and that Plaintiff's claims against several of the named Defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege a set of facts showing that each named defendant violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights complaint must set forth specific factual

allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claim, because complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

In this case, Plaintiff's complaint describes several specific actions by the Defendant identified as "Tallarico," which allegedly violated Plaintiff's constitutional rights. However, the complaint does not describe any specific acts or omissions by any of the other six Defendants listed in the caption of the complaint – i.e., Defendants Stager Chad, Wong Carlos, Thomas Quinlan, Freiermuth Daniel, Aguirre Lois, and Adam Bailey. In fact, none of those six Defendants is even mentioned anywhere in the complaint, (besides the caption). The complaint certainly does not clearly describe anything that any of those individual Defendants actually did, (or failed to do), that allegedly violated Plaintiff's constitutional rights. Therefore, Plaintiff has failed to plead an actionable claim for relief against any of those Defendants. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) ("[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

Because Plaintiff has failed to state a cause of action against Defendants Stager Chad, Wong Carlos, Thomas Quinlan, Freiermuth Daniel, Aguirre Lois, and Adam Bailey, the Court will recommend that the complaint be dismissed as to those Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will further recommend that Plaintiff's IFP application be granted, and that – at least for now – Plaintiff be allowed to pursue her claims against Defendant Tallarico Antony.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims against Defendants Stager Chad, Wong Carlos, Thomas Quinlan, Freiermuth Daniel, Aguirre Lois, and Adam Bailey, be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be GRANTED; and

3. The United States Marshal be directed to effect service of process on Defendant Tallarico Antony, in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Dated: December 2, 2010

          s/ Arthur J. Boylan
          ARTHUR J. BOYLAN
          Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 16, 2010.